**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CYNTHIA J. SELTON; and
MICHAEL J. PAULUCCI,

      Plaintiffs,

v.                                          Case No. 6:14-cv-1278-Orl-37KRS

U.S. BANK TRUST NATIONAL
ASSOCIATION, S.D.; HOWARD J.
RUBIN; RICHARD IHRIG; LINDQUIST
& VENNUM, P.L.L.P.; and GINA J.
PAULUCCI,

      Defendants.

**ORDER**

This cause is before the Court on the following:

1. Motion to Dismiss Complaint on Behalf of Defendant Howard J. Rubin (Doc. 13), filed August 19, 2014;

2. Motion to Dismiss the Complaint (Doc. 14), filed August 19, 2014;

3. Motion to Dismiss the Complaint (Doc. 15), filed August 19, 2014;

4. Consolidated Response to Motions to Dismiss (Doc. 30), filed September 22, 2014;

5. Motion to Take Judicial Notice of State Court Filings and Other Public Records and Memorandum of Law in Support of Same (Doc. 31), filed September 22, 2014;

6. Defendants' Consolidated Reply to Plaintiffs' Consolidated Response to the Motions to Dismiss and Response to Plaintiffs' Motion to Take Judicial Notice of State Court Filings and Other Public Records (Doc. 39), filed

        October 15, 2014;

7. Notice of Supplemental Authority Establishing That the Court Cannot Exercise Jurisdiction over the Res of the Subject Trust or the Administration of the Trust (Doc. 55), filed March 9, 2015; and

8. Unopposed Motion to Continue Hearing (Doc. 56), filed March 10, 2015.

Currently pending before the Court are Defendants' three related motions to dismiss this action for lack of personal jurisdiction and as barred by the res judicata effect of a South Dakota court's order. (Docs. 13–15.) Those motions prompted Plaintiffs' consolidated response and related motion for the Court to take judicial notice of filings from other state-court proceedings (Docs. 30, 31), which, in turn, prompted Defendants' consolidated reply in opposition (Doc. 39). The Court set a March 19, 2015 hearing on the matters (*see* Doc. 53), after which Defendants notified the Court of their intent to additionally move to dismiss this action for lack of subject-matter jurisdiction (*see* Doc. 55). In response, Plaintiffs moved to continue the hearing until Defendants file and Plaintiffs respond to the subject-matter jurisdiction motion. (*See* Doc. 56.)

Upon consideration, the Court finds that it would benefit from consolidation of the matters presented. Accordingly, for administrative efficiency, the Court will deny all of Defendants' pending motions without prejudice. Defendants may reassert their previous arguments (*see* Docs. 13–15), together with the noticed subject-matter jurisdiction argument (*see* Doc. 64), in a single consolidated motion to dismiss, to which Plaintiffs may file a single consolidated response. The Court will cancel the March 19, 2015 hearing. If the Court determines that it would benefit from oral argument after reviewing the consolidated motion to dismiss and response, it will set a new hearing.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Motion to Dismiss Complaint on Behalf of Defendant Howard J. Rubin (Doc. 13), Motion to Dismiss the Complaint (Doc. 14), and Motion to Dismiss the Complaint (Doc. 15) are **DENIED WITHOUT PREJUDICE**.

    a. On or before **March 27, 2015**, Defendants may file a single consolidated motion to dismiss not exceeding thirty-five (35) pages in length.[1]

    b. If Defendants file a timely consolidated motion, then, on or before **April 13, 2015**, Plaintiffs shall file a single consolidated response not exceeding thirty-five (35) pages in length. Failure to file a timely response may result in the Court considering the motion unopposed.

2. The hearing set for March 19, 2015 (*see* Doc. 53) is **CANCELED**.

3. Motion to Take Judicial Notice of State Court Filings and Other Public Records and Memorandum of Law in Support of Same (Doc. 31) and Unopposed Motion to Continue Hearing (Doc. 56) are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 12, 2015.

ROY B. DALTON JR.
United States District Judge

---

[1] If Defendants reassert their res judicata arguments, then they are **DIRECTED** to address *American Steel Building Company, Inc. v. Davidson & Richardson Construction Company*, 847 F.2d 1519, 1521 (11th Cir. 1988), and *Rash v. Rash*, 173 F.3d 1376, 1381 (11th Cir. 1999).

Copies:

Counsel of Record